**SECOND DIVISION**
**RICKMAN, P. J.,**
**GOBEIL and DAVIS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**October 29, 2025**

# In the Court of Appeals of Georgia

A25A1421. WELLS FARGO BANK, N.A. v. MCNEILL.

A25A1422. MCNEILL et al. v. MCNEILL.

RICKMAN, Presiding Judge.

Following a bench trial, the trial court issued an order in which it concluded that Wells Fargo Bank, N. A., as trustee, had misinterpreted certain language in a trust established in the Last Will and Testament of David A. McNeill, Jr., and ordered that numerous distributions be made to one of the trust beneficiaries, Rose McNeill. In Case No. A25A1421, Wells Fargo appeals and contends, inter alia, that the trial court erred by substituting its judgment for that of the trustee in the absence of a finding of bad faith or abuse of discretion. In Case No. A25A1422, Jack R. McNeill, Judith K. McNeill, Donald T. McNeill, Virginia Ruth McNeill Vaughn, and the D. T. McNeill Foundation (the "remainder beneficiaries") appeal from the same trial court order.

They contend, inter alia, that the trial court erred by ordering distributions of trust principal to Rose McNeill when Wells Fargo did not abuse its discretion in denying her requests for those distributions. For the reasons that follow, we reverse.

"The trial court is the trier of fact in a bench trial, and its findings will be upheld on appeal if there is any evidence to support them." (Citation and punctuation omitted.) *Rose v. Waldrip*, 316 Ga. App. 812, 815 (1) (730 SE2d 529) (2012). As recognized by the trial court, the record shows that in his September 15, 1999 Last Will and Testament, David A. McNeill, Jr. bequeathed stock, his residence, and other items to his wife from a second marriage, Rose McNeill. He also made several bequests to his three sons from his first marriage, David A. McNeill, III, Jack R. McNeill, and Donald T. McNeill. Pursuant to Item X of his will, the remainder of his property was bequeathed to First Union National Bank of Georgia, as trustee,[1] with the following pertinent instructions:

> a) The Trustee shall pay to my wife, ROSE MARIE McNEILL, all income from the property, in monthly installments, from the time of my death until her death.

---

[1] In 2001, First Union merged with Wachovia, and Wachovia Corporation assumed First Union's duties as trustee. In 2008, Wachovia merged into Wells Fargo, and Wells Fargo became the trustee.

b) The Trustee may also encroach on the principal of this trust at any time and from time to time in such amounts as the Trustee may deem necessary to provide for the support of my wife in her accustomed manner of living, taking into consideration any other means of support that she may have to the knowledge of the Trustee.

c) On the death of my wife, the Trustee shall distribute all property then remaining in the trust (other than accrued or undistributed income, which shall be distributed to her estate), to my three sons, DAVID A. McNEILL, III, JACK R. McNEILL, and DONALD T. McNEILL, in equal parts share and share alike. Should any son die before said distribution, the share which would have been distributed to such son shall be distributed, per stirpes, among the person designated in the Last Will and Testament of such deceased son, and if no such designation is made, then such share shall be distributed in accordance with the residuary clause of such deceased son's Last Will and Testament.

Rose and David A. McNeill, Jr. were married for over 18 years before David died on December 19, 2000. His son Donald T. McNeill died in 2009, and his interest in the trust was divided between his daughter, Virginia Ruth McNeill Vaughn (25%), his son, Donald T. McNeill, Jr. (25%), and the D. T. McNeill Foundation (50%). David A. McNeill, III died in 2018, and his interest in the trust passed to his wife, Judith K. McNeill.

When First Union was administering the trust, Rose was nearly able to maintain the lifestyle to which she had been accustomed when her husband David was living. And when First Union merged with Wachovia, Rose did not notice any changes in the way that the trust was being administered. During Wachovia's tenure as trustee, Rose requested and was permitted to obtain distributions of principal from the trust. Those distributions continued under Wells Fargo, but in 2012, Wells Fargo reduced the monthly amount distributed to Rose. And in a letter dated December 23, 2019, Wells Fargo completely denied Rose's request for monthly distributions from the trust principal. In that letter, Wells Fargo set out its position that the trust language requiring it to take into account any "other means of support" before encroaching on the trust principal meant that it must consider all of Rose's assets. Pursuant to that interpretation, Wells Fargo informed Rose that the trust required her to "utilize [her] outside resources (through conversion to liquid funds) until encroachment" upon the principal of the trust became necessary, and that it was unlikely that she would receive any distributions of principal until all of her "own available resources [we]re approaching exhaustion."

In September 2021, Rose filed a verified petition to remove Wells Fargo as trustee, alleging that Wells Fargo had acted in bad faith in failing to take action to allow her to maintain her standard of living. She subsequently amended her petition to assert claims for breach of fiduciary duty and, in response to an order from the trial court, added the remainder beneficiaries as second defendants. Following discovery, Wells Fargo moved for summary judgment, arguing that Rose had failed to show that it had acted in bad faith or breached its fiduciary duties, that it had acted in accordance with the trust's terms and had administered the trust impartially, and that certain of Rose's claims were barred by the statute of limitation. The trial court conducted a hearing on the motion for summary judgment and subsequently denied it.

During the two-day bench trial, Rose submitted evidence regarding her standard of living while she was married to David, which included employing people to prepare meals, clean the house, maintain the yard, and service the pool, as well as receiving a new car every two to three years, and receiving regular gifts from David. Prior to David's death, she was also receiving an allowance of $6,000 per month for groceries or whatever else she wanted to buy. Following her husband's death, Rose held personal assets that included investment accounts and real property, some parcels of

which she gifted to family members. At the time of trial, 84-year-old Rose had sold some of her real property and most of her liquid assets to pay her living expenses. Her remaining real property included one rental property that had sustained severe storm damage, a one-half undivided interest in a house where her brother was living, and her personal residence where she had lived with David.

A business accountability specialist with Wells Fargo testified that the trust required Wells Fargo to consider the interests of all beneficiaries.[2] With respect to the trust language requiring consideration of any "other means of support" before making a distribution of trust principal, Wells Fargo's interpretation was that it had to consider all available means of support. For Rose, that meant that she would not be entitled to any distributions of principal until she had first liquidated all of her personal assets, apart from her primary residence. With respect to the December 23, 2019 denial letter, the Wells Fargo representative testified that the bank's decision was based on information provided by Rose, including her income, expenses, non-liquid real estate assets, liquid assets, and expenses.

---

[2] While Wachovia was administering the trust, the remainder beneficiaries complained that Rose had no interest in preserving trust assets and should not receive further distributions of principal while she still had assets of her own.

At the conclusion of the plaintiff's case and again at the end of trial, Wells Fargo moved for a directed verdict on the grounds that it had not acted in bad faith or abused its discretion in denying Rose's requests for encroachment upon the trust principal based on the information it had been given about Rose's other assets. The trial court denied the motion for directed verdict.

In its subsequently issued order granting judgment in favor of Rose, the trial court concluded that the encroachment provisions in Item X (b) of David's will were ambiguous as to whether the trustee should consider Rose's personal assets and, if so, what assets should be considered. The trial court then relied on evidence presented at trial to reach its conclusion that "David's intent was to provide support to his wife in the manner of living she enjoyed prior to his death, and that David did not intend for his wife to deplete her own resources in order to preserve principal for the benefit of the remainder beneficiaries." As a result, the trial court concluded that Wells Fargo had misinterpreted the encroachment provision by interpreting it to require Rose to "first exhaust, or nearly exhaust, all of her personal assets before the trustee [would be] authorized to use its discretion to invade principal in order to provide for her support," and that Rose was entitled to recover the amounts she would have received

7

if the distributions of principal had not been "wrongfully discontinued." Specifically, the trial court awarded Rose $336,400, representing monthly payments of $5,800 from December 2019 to October 2024; living expenses, including the reasonable cost of providing housekeeping, pool service, and yard service, but not including expenses for food and clothing; future monthly payments of $5,800 until Rose's death or further order of the court; amounts needed to make repairs to Rose's residence; and additional distributions for reasonable expenses, such as property taxes, insurance, medical expenses, automobile maintenance, and home maintenance. The trial court specifically instructed Wells Fargo that in making distributions from trust principal it may consider other income available to Rose, but not the value of her personal assets. These appeals followed.

*Case No. A25A1421.*

1. Wells Fargo contends that the trial court erred by substituting its judgment for that of the trustee in the absence of a finding of bad faith or abuse of discretion.

In construing the terms of a trust, several principles are relevant. First and foremost is that the intention of the settlor is to be followed. See *Peterson v. Peterson*, 303 Ga. 211, 214 (2) (811 SE2d 309) (2018). In keeping with that requirement, the

8

trustee has a duty to administer the trust in accordance with its terms and purposes. Id.; see also OCGA § 53–12–241 (a) ("In administering a trust, the trustee shall exercise the judgment and care of a prudent person acting in a like capacity and familiar with such matters, considering the purposes, provisions, distribution requirements, and other circumstances of the trust."). And where a trust has successive beneficiaries, "[e]xcept to the extent that the governing trust instrument clearly manifests an intention that the trustee shall or may favor one or more of the beneficiaries, a trustee shall administer a trust impartially based on what is fair and reasonable to all of the beneficiaries and with due regard to the respective interests of income beneficiaries and remainder beneficiaries." OCGA § 53-12-247.

When determining whether to distribute trust property to a beneficiary, as a general rule, a trustee is not "under any duty to investigate the resources of [the] beneficiary." OCGA § 53-12-245. But the "other means of support" language found in the trust here expands the trustee's discretion by enabling the trustee to consider the other means of support of the beneficiary before encroaching upon the trust principal. See *Griffith v. First Nat. Bank & Trust*, 249 Ga. 143, 145 (1) (287 SE2d 526) (1982). A trustee's discretionary powers must, however, be exercised in good faith.

See *McPherson v. McPherson*, 307 Ga. App. 548, 550 (1) (a) (705 SE2d 314) (2011); OCGA § 53-12-260 ("Notwithstanding the breadth of discretion granted to a trustee in the trust instrument, . . . the trustee shall exercise a discretionary power in good faith."). And when "the exercise of discretion by the trustee is infected with fraud or bad faith, misbehavior, or misconduct, arbitrariness, abuse of authority or perversion of the trust, oppression of the beneficiary, or want of ordinary skill or judgment," a court will interfere. (Citation and punctuation omitted.) *Citizens & Southern Nat. Bank v. Haskins*, 254 Ga. 131, 142 (II) (9) (327 SE2d 192) (1985).

Here, the parties offered different interpretations of what "other means of support" Wells Fargo could consider before encroaching on the principal of the trust to provide support for Rose in the same standard of living to which she was accustomed while David was living. Rose took the position that Wells Fargo could only consider other sources of income available to her. Wells Fargo construed the language to include all available means of support, which could require liquidation of her personal assets. In resolving this conflict, the trial court recognized that Wells Fargo had discretion to consider Roses's other sources of support but held that, as trustee, it had misinterpreted the trust language and instructed that going forward, it

10

could consider Rose's other sources of income but not the value of all of her personal assets in determining whether to make encroachments from trust principal. In addition, the trial court required Wells Fargo to provide past, present, and future distributions to Rose. But the trial court made no finding of fraud, bad faith, or abuse of discretion on the part of Wells Fargo.

We recognize that Section 50 of the Restatement (Third) of Trusts (2003) states that "[a] discretionary power conferred upon the trustee to determine the benefits of a trust beneficiary is subject to judicial control only to prevent *misinterpretation or* abuse of the discretion by the trustee." Id. at (1) (emphasis supplied). But we have not found Georgia case law authorizing judicial intervention when a trustee has misinterpreted trust language, without more. Instead, existing Georgia authority provides that when a trial court concludes that a trustee has discretion with regard to encroaching on trust property, the trial court may "substitute[] its judgment for that of the trustee only if the trustee ha[s] exhibited some abuse of discretion such as bad faith or fraud or if the conduct of the trustee is infected with some other abuse of discretion." *Griffith*, 249 Ga. at 146 (1); see also *Otwell v. First Nat. Bank of Gainesville*, 268 Ga. 547, 552 (4) (491 SE2d 785) (1997)

11

(declining to interfere with a trustee's exercise of discretion where trustee may not have acted strictly in accordance with the grantor's directives, but trustee did not abuse its discretion or act in bad faith); *McPherson*, 307 Ga. App. at 552 (1) (b) (holding that without some evidence of bad faith, we cannot authorize judicial intervention into trustees' exercise of discretionary power). Accordingly, absent a finding of "bad faith or fraud or [that] the conduct of the trustee is infected with some other abuse of discretion," the trial court lacked authority to substitute its interpretation of the trust language for Wells Fargo's interpretation. *Griffith*, 249 Ga. at 146 (1). Because our review of the existing record has not revealed evidence that would support such a finding, we must reverse.

2. Given our holding in Division 1, we need not address Wells Fargo's remaining enumerations of error.

*Case No. A25A1422*

3. The remainder beneficiaries contend that the trial court erred by ordering distributions of trust principal to Rose when Wells Fargo did not abuse its discretion in denying her requests for those distributions.

12

Given our holding in Division 1, reversing the trial court order appealed from, we need not address this enumeration of error or the remaining enumerations of error asserted by the remainder beneficiaries.

*Judgments reversed. Gobeil and Davis, JJ., concur.*